# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Worldwide Machinery Group, Inc., *et al*.,[1] | ) Case No. 25-90379 (CML) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) Re: Docket No. 101 |

## NOTICE OF SALE AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On September 26, 2026, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (III) Authorizing the Disposal of Any Burdensome Assets; and (IV) Granting Related Relief* [Docket No. 101] (the "**Motion**") for entry of an order substantially in the form attached to the Motion (the "**Proposed Sale Order**"):[2] (a) authorizing and approving the proposed sale (the "**Sale**") of substantially all of the Debtors' assets (the "**Assets**"), in accordance with the terms of the Going-Concern Agreements or a Modified APA (each as defined below), free and clear of all obligations, liens, claims, encumbrances, and interests of any kind or nature, including rights or claims based on any successor or transferee liability (except for certain expressly permitted liabilities set forth in the Going-Concern Agreements or Modified APA, as applicable) (the "**Sale Transaction**"); (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases in connection with the Sale Transaction, as applicable; (c) authorizing the disposal of any remaining Assets where, in the Debtors' reasonable business judgment, such disposal would reduce costs and burden on the estates; and (d) granting related relief. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") will hold a hearing to approve the Sale (the "**Sale Hearing**") on **October 22, 2025 at 10:00 a.m. (prevailing Central Time).**

### Assets to Be Sold

The Debtors are proposing to sell substantially all of their Assets as part of a going-concern sale (the "**Going-Concern Transaction**") to Diversified Holding, LLC ("**Diversified**") and Macquarie Equipment Capital, Inc. ("**Macquarie**," and, together with Diversified, the "**Going-

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Worldwide Machinery Group, Inc. (8029), Worldwide Machinery, Ltd. (3666), Worldwide Operating, Inc. (7023), and Worldwide Machinery GP, LLC (5399). The location of Debtor Worldwide Machinery Group, Inc.'s corporate headquarters is 2200 Post Oak Boulevard, Suite 1000, Houston, Texas 77056.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion or Proposed Sale Order, as applicable.

**Concern Purchasers**"). The Debtors and the Going-Concern Purchasers have prepared drafts of (i) that certain Asset Purchase Agreement by and between the Debtors and Macquarie (as amended, supplemented or otherwise modified by the parties thereto, and including the disclosure schedules and exhibits attached thereto, the "**Macquarie Agreement**"), and (ii) that certain Asset Purchase Agreement by and between the Debtors and Diversified (as amended, supplemented or otherwise modified by the parties thereto, and including the disclosure schedules and exhibits attached thereto, the "**Diversified Agreement**," and, together with the Macquarie Agreement, the "**Going-Concern Agreements**"), under which the Going-Concern Purchasers have agreed to effectuate the Sale, which includes the purchase of the Purchased Assets (as defined in the Going-Concern Agreements)[3] and the assumption by Diversified of certain liabilities associated with the Debtors as set forth in the Diversified Agreement, subject to the terms and conditions set forth therein. The Debtors will file executed versions of the Going-Concern Agreements as soon as possible.

As set forth in the Motion, the Going-Concern Transaction is subject to higher and better offers. In order to obtain the highest and otherwise best bid for the Assets, the Debtors will continue to consider any alternative bids that may be submitted prior to the Sale Hearing. If the Debtors determine that an alternative bid is higher and better than the Going-Concern Transaction, the Debtors will file a notice ahead of the Sale Hearing designating such alternative bidder as the purchaser of the Assets (the "**Alternative Purchaser**") and the proposed asset purchase agreement to effectuate the Sale to an Alternative Purchaser (the "**Modified APA**").

Except as otherwise provided in the Going-Concern Agreements or a Modified APA submitted by the Alternative Purchaser, as applicable, the Debtors are seeking to sell their right, title and interest in and to the Assets free and clear of any pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon, subject only to the Assumed Liabilities and Permitted Encumbrances (each as defined in the Going-Concern Agreements or in the Modified APA of the Alternative Purchaser, as applicable), to the maximum extent permitted by section 363 of the Bankruptcy Code, with such pledges, liens, security interests, encumbrances, claims, charges, options and interests to attach to the net proceeds of the sale of the Assets with the same validity, force, effect, and priority as exists as of the Petition Date, subject to any rights, claims, and defenses of the Debtors.

## Objections

**Sale Objection Deadline**. Objections, if any, if any, to the Sale (a "**Sale Objection**") (other than objections with respect to the cure amount or otherwise to the assumption and assignment of the Assigned Contracts), including any objection to the sale of any Assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code to the Going-Concern Purchasers or the Alternative Purchaser, as applicable, and the entry of any order approving the Sale, must (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and all orders of this Court, (c) state with particularity the legal and factual basis for the objection and the specific ground therefor, and (d) be filed with

---

[3] The As used herein, the "Purchased Assets" consist of the Assets the Debtors have agreed to sell, and the Going-Concern Purchasers have agreed to purchase, on the terms set forth in the Going-Concern Agreements. The Purchased Assets constitute substantially all of the Assets other than the "Excluded Assets" as set forth in the Going-Concern Agreements.

the Court **on or before October 15, 2025 at 4:00 p.m. (prevailing Central Time)** (the "**Sale Objection Deadline**").

**Sale Hearing**.  The Sale Hearing is currently scheduled to take place on **October 22, 2025 at 10:00 a.m. (prevailing Central Time**), before Judge Christopher M. Lopez at the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Courtroom 401, Houston, Texas 77002.  **The Sale Hearing may be continued to a later date by the Debtors by sending notice prior to, or making an announcement at, the Sale Hearing.  No further notice of any such continuance will be required to be provided to any party.**

### CONSEQUENCES OF FAILING TO TIMELY MAKE AN OBJECTION

**ANY PERSON OR ENTITY WHO FAILS TO FILE AND SERVE AN OBJECTION TO THE PROPOSED SALE IN ACCORDANCE WITH THIS NOTICE BY THE SALE OBJECTION DEADLINE SHALL BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO THE PROPOSED SALE AND TRANSFER OF THE ASSETS FREE AND CLEAR OF ALL INTERESTS.**

### Submitting a Bid and Obtaining Additional Information

Any party interested in purchasing the Assets should contact the Debtors or their advisors.  Interested parties can contact the Debtors' investment banker, Piper Sandler & Co., by reaching out to Terry Padden (terry.padden@psc.com) or Chris Koury (chris.khoury@psc.com).

Copies of the Motion and the Going-Concern Agreements (once filed) may be obtained from the Debtors' claims agent, Stretto, Inc., by (i) calling (855) 944-1768 (Toll Free) or (949) 617-1571 (International, or (ii) visiting the Debtors' restructuring website at https://cases.stretto.com/WorldwideMachinery/.

October 1, 2025
Houston, Texas

/s/ *Charles R. Koster*

| | |
|---|---|
| **WHITE & CASE LLP** <br> Charles R. Koster (Texas Bar No. 24128278) <br> 609 Main Street, Suite 2900 <br> Houston, Texas 77002 <br> Telephone:   (713) 496-9700 <br> Email:           charles.koster@whitecase.com | **WHITE & CASE LLP** <br> Roberto Kampfner (admitted *pro hac vice*) <br> Patrick Wu (Texas Bar No. 24117924) <br> 555 South Flower Street, Suite 2700 <br> Los Angeles, California 90071 <br> Telephone:   (213) 620-7700 <br> Email:           rkampfner@whitecase.com <br>                      patrick.wu@whitecase.com |
| - and - | - and - |
| **WHITE & CASE LLP** <br> David M. Turetsky (admitted *pro hac vice*) <br> Samuel P. Hershey (admitted *pro hac vice*) <br> 1221 Avenue of the Americas <br> New York, New York 10020 <br> Telephone:   (212) 819-8200 <br> Email:           david.turetsky@whitecase.com <br>                      sam.hershey@whitecase.com | **WHITE & CASE LLP** <br> Fan B. He (admitted *pro hac vice*) <br> Kristin Schultz (admitted *pro hac vice*) <br> 200 South Biscayne Boulevard, Suite 4900 <br> Miami, Florida 33131 <br> Telephone:   (305) 371-2700 <br> Email:           fhe@whitecase.com <br>                      kristin.schultz@whitecase.com |

*Proposed Counsel to the Debtors and Debtors in Possession*