**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Worldwide Machinery Group, Inc., *et al.*[1] | ) | Case No. 25-90379 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**DEBTORS' PRELIMINARY OBJECTION TO**
**CLAIMS 34 THROUGH 41 FILED BY KEY EQUIPMENT FINANCE,**
**A DIVISION OF KEYBANK NATIONAL ASSOCIATION**

---

> **This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**

---

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") file this preliminary objection (the "**Objection**") to the Claims (as defined below) filed by Key Equipment Finance, a division of KeyBank National Association, in its capacity as administrative agent (the "**ABL Administrative Agent**") for the lenders party thereto (together with the ABL Administrative Agent, the "**ABL Lenders**") and KeyBank National Association, as issuing bank (collectively, the "**Claimants**"), under that certain Second Amended and Restated Credit Agreement (as amended, amended and restated, supplemented, or otherwise modified, the "**ABL Credit Agreement**"). In support of the Objection, the Debtors represent as follows:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Worldwide Machinery Group, Inc. (8029), Worldwide Machinery, Ltd. (3666), Worldwide Operating, Inc. (7023), and Worldwide Machinery GP, LLC (5399). The location of Debtor Worldwide Machinery Group, Inc.'s corporate headquarters is 2200 Post Oak Boulevard, Suite 1000, Houston, Texas 77056.

**Jurisdiction, Venue, and Predicates for Relief**

1.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested herein are sections 105(a) and 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 9013-1 and 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**Preliminary Objection**

3.      On September 11, 2025 (the "**Petition Date**"), the Debtors commenced these chapter 11 cases.  On September 23, 2025, the Office of the United States Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.

4.      On October 17 and 18, 2025, the Claimants filed proofs of claim asserting a purported secured claim in the amount of $133,460,506.76 relating to obligations arising out of the ABL Credit Agreement.  *See* Claim Nos. 34-41 (collectively, the "**Claims**").

5.      On October 21, 2025, the Debtors filed the *Stipulation and Agreed Order Granting Leave, Standing, and Authority to the Official Committee of Unsecured Creditors to Prosecute Certain Claims* [Docket No. 221] (the "**Stipulation**").  The Stipulation, entered into by and between the Debtors and the Committee, memorializes the Debtors' agreement to grant the Committee leave, standing, and authority to prosecute, on behalf of the Debtors' estates, certain

claims against the ABL Lenders and Gordon Brothers Commercial & Industrial, LLC and its affiliates ("**Gordon Brothers**").

6.  On the same day, the Committee commenced an adversary proceeding *Official Committee of Unsecured Creditors v. Key Equipment Finance, a Division of KeyBank National Association, et al.*, Adv. Pro. No. 25-03791 (CML), and filed the *Complaint Against Key Equipment Financing, Gordon Brothers Commercial & Industrial LLC, and Does 1–100* [Adv. Pro. Docket No. 1] (the "**Complaint**"). The Complaint alleges various bad faith actions taken by the ABL Lenders and Gordon Brothers in connection with the ABL Lenders' attempt to sell their claims under the ABL Credit Agreement to Gordon Brothers prior to the Petition Date and the ABL Lenders' attempts to block the Debtors' pursuit of a value maximizing going concern sale.

7.  The Debtors hereby incorporate by reference the allegations and causes of action set forth in the Complaint. The facts, circumstances and claims alleged in the Complaint all support and establish basis for disallowance, reduction, or subordination of the Claims.

8.  Importantly, the Debtors have not granted the ABL Lenders any releases with respect to the actions alleged in the Complaint under the *Thirteenth Amendment to Forbearance Agreement with Respect to Second Amended and Restated Credit Agreement* (the "**Thirteenth Amendment**"). Under the Thirteenth Amendment, the Debtors released certain claims against the ABL Lenders relating to the ABL Credit Agreement that arose prior to the execution of the Thirteenth Amendment on August 22, 2025. The conduct giving rise to the allegations in the Complaint occurred after the Thirteenth Amendment and is therefore outside the scope of releases granted under the Thirteenth Amendment.

9.  For the reasons set forth in the Complaint, the Debtors submit that the Claims should be disallowed in their entirety.

## Reservation of Rights

10.     The Objection is limited to the grounds stated herein.  It is without prejudice to the rights of the Debtors or any other party in interest to object to the Claims on any grounds whatsoever.  The Debtors expressly reserve all further substantive or procedural objections they may have.  Nothing contained herein or any actions taken pursuant to such relief is intended or should be construed as: (a) an admission as to the validity of any prepetition claim against the Debtors; (b) a waiver of any party's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11.     In the event that any of the Claims are not disallowed and expunged on the grounds asserted herein, the Debtors hereby reserve all rights to object to such Claims or any amended Claims on any other grounds.  Additionally, the Debtors expressly reserve all rights to amend,

modify, or supplement the objections asserted herein and to file additional objections to the Claims.

### **Notice**

12.     The Debtors will provide notice of this Motion to  (a) the U.S. Trustee; (b) counsel to the Committee; (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) counsel to the administrative agent for the ABL Lenders; (g) counsel to the collateral agent for the Caspian Lenders; (h) John Deere Financial; (i) the Going-Concern Purchasers; (j) Hilco/Ritchie; (k) Gordon Brothers; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other or further notice need be provided.


[The remainder of this page is intentionally left blank.]

<u>**Conclusion**</u>

The Debtors request that the Court enter the order attached hereto as <u>**Exhibit A**</u> sustaining the Objection in its entirety and disallowing and expunging the Claims and grant such other and further relief as is just and proper under the circumstances.  For the avoidance of doubt, the Objection is filed without prejudice to, and in furtherance of, the relief sought in the Adversary Proceeding and any other actions brought by the Committee or the Debtors' estates.

October 21, 2025
Houston, Texas

/s/ *Charles R. Koster*

**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone:   (713) 496-9700
Email:       charles.koster@whitecase.com

- and -

**WHITE & CASE LLP**
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:   (212) 819-8200
Email:       david.turetsky@whitecase.com
             sam.hershey@whitecase.com

**WHITE & CASE LLP**
Roberto Kampfner (admitted *pro hac vice*)
Patrick Wu (Texas Bar No. 24117924)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone:   (213) 620-7700
Email:       rkampfner@whitecase.com
             patrick.wu@whitecase.com

- and -

**WHITE & CASE LLP**
Fan B. He (admitted *pro hac vice*)
Kristin Schultz (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone:   (305) 371-2700
Email:       fhe@whitecase.com
             kristin.schultz@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 21, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Koster*

Charles R. Koster

**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Worldwide Machinery Group, Inc., *et al.*,[1] | ) Case No. 25-90379 (CML) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. ___** |

**ORDER SUSTAINING DEBTORS' OBJECTION
TO CLAIMS 34 THROUGH 41 FILED BY KEY EQUIPMENT FINANCE,
A DIVISION OF KEYBANK NATIONAL ASSOCIATION**

Upon the objection (the "**Objection**")[2] of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") disallowing the Claims; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**");

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Worldwide Machinery Group, Inc. (8029), Worldwide Machinery, Ltd. (3666), Worldwide Operating, Inc. (7023), and Worldwide Machinery GP, LLC (5399).  The location of Debtor Worldwide Machinery Group, Inc.'s corporate headquarters is 2200 Post Oak Boulevard, Suite 1000, Houston, Texas 77056.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.　　　The Claims (i.e., Claim Numbers 34, 35, 36, 37, 38, 39, 40, and 41) filed by Key Equipment Finance, a division of KeyBank National Association, in its capacity as administrative agent for the lenders party thereto and KeyBank National Association, as issuing bank are DISALLOWED in their entirety.

2.　　　Stretto, Inc. ("**Stretto**"), as claims, noticing and solicitation agent, is authorized and directed to update the claims register maintained in these chapter 11 cases to reflect the relief granted in this Order.

3.　　　Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection or any order granting the relief requested by this Objection or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (h) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of

property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

5.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2025
Houston, Texas

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

3